FILED
U.S DISTRICT COURT

2005 NOV -3  P 4: 30

DISTRICT OF UTAH

BY:_____
    DEPUTY CLERK

Denver C. Snuffer, Jr.  3032
NELSON, SNUFFER & DAHLE, P.C.
10885 South State Street
Sandy, Utah 84070
Telephone: (801) 576-1400

## IN AND FOR THE UNITED STATES FEDERAL DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| U.S. GENERAL, INC., a Utah Corporation, DJ INVESTMENT GROUP, LLC, a Utah Limited Liability Company; DAN SIMMONS, an individual; ARDEN BODELL, an individual<br><br>Plaintiff,<br><br>vs.<br><br>DRAPER CITY, a municipal corporation, DAE/WESTBROOK SUNCREST LLC; WESTERRA MANAGEMENT LLC; MARC SCROGGINS; and JOHN DOES I through 10<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **COMPLAINT**<br>(JURY TRIAL REQUESTED)<br><br><br>Judge J. Thomas Greene<br>DECK TYPE: Civil<br>DATE STAMP: 11/03/2005 @ 16:28:26<br>CASE NUMBER:  2:05CV00917  JTG |

COMES NOW U.S. General, Inc., D.J. Investment Group, LLC, Dan Simmons and

Arden Bodell and as a claim for relief against Draper City, DAE/Westbrook, SunCrest LLC,

Westerra Management LLC, Marc Scroggins and John Does I-X,  alleges and says as follows:

## PARTIES

1.    Plaintiffs are individuals or entities having the fee ownership interest in certain parcels of

real property located in Salt Lake and Utah Counties, State of Utah or whose principal place

of business is in Salt Lake County, Utah.

2.    All of the defendants are individuals or entities who are doing business in Utah, and have

caused injury to Plaintiffs' property and to Plaintiffs within the State of Utah.

3.    Defendant Draper City is a municipal corporation existing within the State of Utah,

organized under the laws of the State of Utah, and subject to the jurisdiction of this court.

4.    John Does 1 through 10 are individuals and entities who assisted, abetted and aided the

named defendants.

## JURISDICTION

5.    The Defendants have taken certain actions which materially affect and injure the Plaintiff's

interest in real property as more fully set forth below.

6.    The Defendant Draper City and other city employees are amenable to suit on Plaintiff's

claims, immunity having been waived by Utah Code §63-30-6.

7.    This is an action which requires service of notice pursuant to §63-30-11 and notice has been

properly served upon the Defendant Draper City.  Plaintiff is authorized to proceed with this

action in accordance with the Governmental Immunity Act because more than 90 days has

elapsed since service of proper notice, and no response has been made by Defendant Draper

City, thereby entitling Plaintiff to treat the failure to respond as a constructive denial of the claim.

8.    Plaintiff has served notices upon the Defendant Draper City in accordance with the Governmental Immunity Act, copies of which are attached hereto as Exhibits "1, 2 and 3" to this Complaint.

9.    The injuries alleged in this proceeding arose in Salt Lake County and the property in question is located in Salt Lake County, therefore the proceeding is properly situated in the Third District Court in Salt Lake County.  This action asserts claims under the Sherman Antitrust Act of 1980, 15 U.S.C. § 2 et seq. ("Sherman Act").

10.   This Court has jurisdiction over this action under 15 U.S.C. § 2 and 28 U.S.C. § 1331 and under Section 16 of the Clayton. Act, 15 U.S.C. § 26, to recover damages for and to restrain a continuing violation by defendants of Section 2 of the Sherman Act, 15 U.S.C. § 2, and Section 4 of the Clayton Act, 15 U.S.C. § 15.

11.   Venue is proper in this District, pursuant to Sections 12 of the Sherman Act, 15 U.S.C. § 22, and 28 U.S.C. §1391(b), (c), because defendants transact business in the State of Utah and/or the claims arose at least in part in the State of Utah.

## GENERAL INFORMATION

3

12.     For over seven years, the City of Draper and DAE/Westbrook aka Terrabrook, dba SunCrest

LLC, owned and operated by Westerra Management, LLC (hereinafter "the Developer"),

have created a monopoly on traverse mountain, commonly referred to as SunCrest.

13.     The Developer has received preferential treatment from the City of Draper that effectively

eliminates any competition from adjacent property owners on traverse mountain.   The

SunCrest Developer is often referred to as the "Master Developer" of the SunCrest

Development as a direct result of their predatory and exclusionary practices that they have

used to create a monopoly on traverse mountain.

14.     Draper City has knowingly allowed the SunCrest Developer to among other predatory and

exclusionary practices, build a water system that will only serve the SunCrest Developer, and

has agreed to reimburse the SunCrest Developer for its costs to construct the water system,

in a method and manner that discriminates against adjacent property owners and prohibits

such property owners from obtaining adequate water supplies and sources.

15.     Draper City holds a strong bias in favor of the SunCrest developer, to whom Draper City has

shown consistent and discriminatory favoritism, and has, by threatening not to sign renewals

of the staff's employment contracts, intimidated the staff of Draper City to consistently show

favoritism to this developer, thereby allowing development to proceed in violation of city

requirements.

4

16.    Conversely, Plaintiff U.S. General, Inc., was forced to surrender land at the base of Traverse Mountain and to pay for and increase utility sizes for the benefit of the SunCrest developer without compensation because Draper City at the time, said these costs would be for the benefit of not just the SunCrest Developer, but for all residents via "shared community" services. Plaintiff U.S. General, Inc. was also forced by the City of Draper to pay in advance the construction of a community water tank at the foothills of Draper and it was from that process, Plaintiff likewise believed what was good for his development and adjacent property owners developments, should be good for the SunCrest Developer and their fellow property owners who also would like to develop their properties.

17.    Presently, the City of Draper has no incentive, nor has it ever made a demand on the SunCrest Developer to construct adequate water service, including water tanks and water lines. There cannot be any community services without Draper City's directive to SunCrest to provide such infrastructure. SunCrest has no incentive to build reimburseable community services because it would create competition.

18.    It was learned during the discovery process in a separate legal proceeding between Plaintiffs and Draper City that Draper City has met secretly and without proper notice  with the SunCrest Developer.

19.     During the secret meetings between Draper City and the SunCrest Developer, the parties agreed to create protection strips that would effectively limit and restrict Plaintiffs access to Plaintiffs' property.

20.     The predatory and exclusionary practices of Draper City have escalated to such extremes that the Draper City Manager recently resigned as a result of the extreme favoritism shown by Draper City toward the SunCrest Developer.

21.     The SunCrest Developer has enjoyed approximately eight years of development on traverse mountain within Draper City limits without any competition because of the unfair, discriminatory, exclusionary and predatory practices of Draper City.

22.     Draper City has agreed to permit SunCrest Developer to not contribute to the community services. However Draper City has required Plaintiffs in the past to contribute to community services for the benefit of SunCrest Developer and SunCrest Development.

23.     Draper City's contracted law firm, its mayor and City Council have all agreed to eliminate requirements for a master storm drainage plan from the SunCrest Development, even though all other developments are required to have and comply with a master storm drainage plan.

24.     Draper City, by using the authority of the State of Utah, has engaged in illegal discrimination in denying equal protection to Plaintiffs by their policy of favoring one developer to the exclusion of others. That discrimination has provided SunCrest a seven year long monopoly on development and sale of lots in the Traverse Mountain area.

6

## RELEVANT MARKET

25.     The relevant market that pertains to Plaintiff's claims herein is the development of traverse mountain located on the eastern foothills in Salt Lake and Utah Counties, Utah.

26.     The development market for Traverse Mountain consists of real property located within Draper City limits in Salt Lake and Utah Counties on the eastern bench area. The development includes infrastructure such as water, sewer and other utilities that are used by the community.

## COUNT I

## FOR VIOLATIONS OF SECTION 2 OF THE SHERMAN ANTITRUST ACT 15 U.S.C. § 2 - MONOPOLIZATION OF TRADE

27.     Plaintiff incorporates by reference and realleges each of the foregoing paragraphs as if fully set forth herein, and further alleges as follows:

28.     From at least as early as 2000, the SunCrest Developer has willfully maintained a monopoly in the traverse mountain development market, and abused its monopoly power in the relevant markets, by, inter alia, acting in the manner hereinbefore alleged, in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2.

29.     The SunCrest Developer has acted with the specific intent to achieve, maintain and exercise its monopoly power.

7

30.    As a direct and proximate result of the violations alleged herein, Plaintiffs have been

unable to, and will continue to be unable to develop their property located at Traverse

Mountain pursuant to free and open competition, and Plaintiffs have been damaged, and

will continue to be damaged, by their respective development at prices higher than they

would have otherwise paid, absent defendant's unlawful conduct.

31.    The SunCrest Developer possesses monopoly power in the development market for

traverse mountain. Through the anticompetitive conduct described herein, the SunCrest

Developer has willfully maintained, and unless restrained by the Court, will continue to

willfully maintain that power by anticompetitive and unreasonably exclusionary conduct.

The SunCrest developer has acted with an intent to illegally maintain its monopoly power

in the development market, and its illegal conduct has enabled it to do so, in violation of

Section 2 of the Sherman Act, 15 U.S.C. § 2.

32.    Plaintiffs have no adequate remedy at law and defendant's unlawful conduct will continue

unless enjoined.

33.    Defendant's unlawful restraints of trade and development violate Section 2 of the

Sherman Act. Accordingly, Plaintiffs seek three times their damages caused by

defendant's violations of Section 2 of the Sherman Act and a permanent injunction

enjoining defendant's continuing violation of Section 2 of the Sherman Act, 15 U.S.C. §

2.

# COUNT II

# FOR VIOLATIONS OF SECTION 2 OF THE SHERMAN ANTITRUST ACT 15 U.S.C. § 2 - ATTEMPT TO MONOPOLIZE TRADE

34.     Plaintiff incorporates by reference and realleges each of the foregoing paragraphs as if fully set forth herein, and further alleges as follows:

35.     Defendant SunCrest has acted with the specific intent to achieve, maintain and exercise its monopoly power.

36.     SunCrest's conduct, as averred, raised and continues to raise a dangerous probability of achieving unlawful monopoly power.

37.     SunCrest has attempted to acquire and misuse monopoly power in the relevant market in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2.

38.     As a direct and proximate result of the violations alleged herein, Plaintiffs have been unable to, and will continue to be unable to, develop real property located at traverse mountain at prices determined by free and open competition, and Plaintiff have been damaged, and will continue to be damaged, by their respective development of real property at prices higher than they would have otherwise paid, absent defendant's unlawful conduct.

39.     Plaintiff s have no adequate remedy at law and defendant's unlawful conduct will

continue unless enjoined.

40.     Defendant's unlawful restraints of trade violate Section 2 of the Sherman Act.

Accordingly, Plaintiffs seek three times their damages caused by defendant's violations of

Section 2 of the Sherman Act and a permanent injunction enjoining defendant's

continuing violation of Section 2 of the Sherman Act, 15 U.S.C. § 2.

## COUNT THREE- CIVIL CONSPIRACY

41.     Plaintiff incorporates by reference and realleges each of the foregoing paragraphs as if

fully set forth herein, and further alleges as follows:

42.     Defendants acted in concert with each other to accomplish the allegations set forth above.

43.     Defendants had a meeting of the minds or a course of action to accomplish the allegations

set forth above.

44.     As a proximate result of Defendants' actions, Plaintiffs have been injured in an amount to

be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests:

1.   That the Court adjudge and decree that Defendant SunCrest (a) unlawfully acted to maintain a monopoly, and (b) attempted to monopolize, all in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2

2.   That the Court grant a permanent injunction enjoining defendant from continuing its violation of Section 2 of the Sherman Act.

3.   That Plaintiffs recover compensatory damages, as provided by law, determined to have been sustained as to each of them, and that judgment be entered against Defendant in favor of the Plaintiffs.

4.   That Plaintiffs recover damages as provided by law.

6.   That Plaintiffs recover their costs of this suit, including attorneys' fees, as provided by law.

7.   That the Court grant such further relief as to the Court may seem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure as to all issues so triable as a matter of right.

11

Dated: November 1, 2005

NELSON, SNUFFER & DAHLE, P.C.

_____

Denver C. Snuffer, Jr.

Plaintiff's Address:

12

JS 44 (DUT) 2003

# CIVIL COVER SHEET
## VERSION FOR USE IN U.S. DISTRICT COURT FOR THE DISTRICT OF UTAH

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS.)

| I. (a) PLAINTIFF(s)   Please list and number each plaintiff | (c ) ATTORNEY(s)   [Firm name, Address, Telephone and Fax Number(s)] |
|---|---|
| 1. U.S. General, Inc. | Denver C. Snuffer, Jr. (3032) FILED U.S. DISTRICT COURT |
| 2. DJ Investment Group, LLC | Nelson, Snuffer, Dahle & Poulsen   2005 NOV -3 P 4: 30 |
| 3. Dan Simmons | 10885 South State Street   DISTRICT OF UTAH |
| 4. Arden Bodell | Sandy, UT  84070 |
| 5. | Telephone:  (801) 576-1400 |
| 6. | Facsimile:  (801) 576-1960   BY DEPUTY CLERK |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Salt Lake (EXCEPT IN U.S. PLAINTIFF CASES) | Judge J. Thomas Greene DECK TYPE: Civil DATE STAMP: 11/03/2005 @ 16:28:26 CASE NUMBER:  2:05CV00917  JTG |

| (a) DEFENDANT(s)   Please list and number each defendant | (c ) ATTORNEY(s)   [Firm name, Address, Telephone and Fax Number(s)] |
|---|---|
| 1. Draper City | |
| 2. DAE/Westbrook | |
| 3. SunCrest LLC | |
| 4. Westerra Management LLC | |
| 5. Marc Scroggins | |
| 6. John Does 1-10 | |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Salt Lake | |
| NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. | |

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PLA | DEF | | PLA | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☒ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify) _____

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## V. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

15 U.S.C. §2, Violations of the Sherman Act.

## VI. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23

DEMAND $ _____

CHECK  YES only if demanded in complaint:

JURY DEMAND:   ☒ YES   ☐ NO

**VII. RELATED CASE(S)** (See Instructions):
**IF ANY**  JUDGE_____ DOCKET NUMBER_____

## VIII. NATURE OF SUIT  *(PLACE AN "X" IN ONE BOX ONLY)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| □ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | □ 610 Agriculture | □ 422 Appeal 28 USC 158 | □ 400 State Reapportionment |
| □ 120 Marine | □ 310 Airplane / □ 362 Personal Injury - Med. Malpractice | □ 620 Other Food & Drug | □ 423 Withdrawal 28 USC 157 | XX 410 Antitrust |
| □ 130 Miller Act | □ 315 Airplane Product Liability / □ 365 Personal Injury - Product Liability | □ 625 Drug Related Seizure of Property 21 USC 881 | | □ 430 Banks and Banking |
| □ 140 Negotiable Instrument | □ 320 Assault, Libel & Slander / □ 368 Asbestos Personal Injury Product Liability | □ 630 Liquor Laws | **PROPERTY RIGHTS** | □ 450 Commerce/ICC Rates/etc. |
| □ 150 Recovery of Overpayment & Enforcement of Judgment | □ 330 Federal Employers' Liability | □ 640 R.R. & Truck | | □ 460 Deportation |
| □ 151 Medicare Act | □ 340 Marine / **PERSONAL PROPERTY** | □ 650 Airline Regs. | □ 820 Copyrights | □ 470 Racketeer Influenced and Corrupt Organizations |
| □ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | □ 345 Marine Product Liability / □ 370 Other Fraud | □ 660 Occupational Safety/Health | □ 830 Patent | □ 810 Selective Service |
| □ 153 Recovery of Overpayment of Veterans Benefits | □ 350 Motor Vehicle / □ 371 Truth in Lending | □ 690 Other | □ 840 Trademark | □ 850 Securities/Commodities/Exchange |
| □ 160 Stockholders' Suits | □ 355 Motor Vehicle Product Liability / □ 380 Other Personal Property Damage | | | □ 875 Customer Challenge 12 USC 3410 |
| □ 190 Other Contract | □ 360 Other Personal Injury / □ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | □ 891 Agricultural Acts |
| □ 195 Contract Product Liability | | □ 710 Fair Labor Standards Act | □ 861 HIA (1395ff) | □ 892 Economic Stabilization Act |
| | | □ 720 Labor/Mgmt. Relations | □ 862 Black Lung (923) | □ 893 Environmental Matters |
| **REAL PROPERTY** / **CIVIL RIGHTS** / **PRISONER PETITIONS** | | □ 730 Labor/Mgmt. Reporting & Disclosure Act | □ 863 DIWC/DIWW (405(g)) | □ 894 Energy Allocation Act |
| □ 210 Land Condemnation / □ 441 Voting / □ 510 Motions to Vacate Sentence | | □ 740 Railway Labor Act | □ 864 SSID Title XVI | □ 895 Freedom of Information Act |
| □ 220 Foreclosure / □ 442 Employment | | □ 790 Other Labor Litigation | □ 865 RSI (405(g)) | □ 900 Appeal of Fee Determination Under Equal Access to Justice |
| □ 230 Rent Lease & Ejectment / □ 443 Housing/Accommodations | | □ 791 Empl. Ret. Inc. Security Act | | □ 950 Constitutionality of State Statutes |
| □ 240 Torts to Land / □ 444 Welfare / **HABEAS CORPUS:** | | | **FEDERAL TAX SUITS** | □ 890 Other Statutory Actions |
| □ 245 Tort Product Liability / □ 440 Other Civil Rights | | | □ 870 Taxes (U.S. Plaintiff or Defendant) | |
| □ 290 All Other Real Property / □ 530 General | | | □ 871 IRS - Third Party 26 USC 7609 | |
| □ 535 Death Penalty | | | | |
| □ 540 Mandamus & Other | | | | |
| □ 550 Civil Rights | | | | |
| □ 555 Prison Condition | | | | |

## IX. STATE COURT REMOVALS:

**(a)** List any parties which are no longer pending:

**(b)** List any pending motions and date filed. If responses or replies have been filed, indicate the date filed.

| MOTION/DATE FILED | RESPONSE/DATE FILED | REPLY/DATE FILED |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |

DATE  11/3/05

SIGNATURE OF ATTORNEY OF RECORD  *For Venver C. Sunfor*

FOR OFFICE USE ONLY
RECEIPT #_____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 (DUT) 2003